## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

TRAVIS TAYLOR, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

WHITE OAK PASTURES, INC.,

Defendant.

CIVIL ACTION FILE NO.

1:15-CV-156

## COMPLAINT: COLLECTIVE ACTION

Plaintiff, Travis Taylor, by and through counsel, hereby files this Collective

Action Complaint against White Oak Pastures, Inc. and alleges as follows:

## INTRODUCTION

1.

This is a collective action to recover for lost wages in the form of overtime

compensation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 *et*

*seq*. ("FLSA").  Specifically, Plaintiff Travis Taylor and others similarly situated

have worked or are currently working in Defendant's red meant abattoir and

processing facility and regularly work in excess of 40 hours per week, often as

much as 60 to 70 hours and in some cases up to 100 hours with no overtime pay.

Plaintiff, on behalf of himself and all others similarly situated, seeks back pay,

liquidated damages and attorneys' fees to remedy these violations of the FLSA.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331and §

1337 and 29 U.S.C. § 207 *et seq*. and 29 U.S.C. § 216(b).

3.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful

employment practices and the violations of Plaintiff's rights and the rights of all

those similarly situated were committed in this judicial district.

## PARTIES

4.

Plaintiff Travis Taylor is a legal resident of the United States and the State

of Georgia.  He is a former meat cutter for White Oak Pastures, Inc. and was an

"employee" as that term is defined under 29 U.S.C. §203(e).  During his

employment, from October 2010 through October 2014, Plaintiff performed non-

exempt labor, as defined by the FLSA and worked an amount of time that was

more than forty (40) hours per workweek for which he was not paid the overtime

wage differential.  Plaintiff submits himself to the jurisdiction of this Court.

5.

Defendant White Oak Pastures, Inc. ("White Oak") is an "employer" as that term is defined under the FLSA, 29 U.S.C. §203(s) and is subject to the provisions of the Act relating to payment of overtime compensation.  It may be served by delivering process to its registered agent Will Harris, III, 22775 Highway 27 South, Bluffton, GA 39824.

6.

Defendant White Oak is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because it's annual gross sales volume exceeded $500,000 in each of the three years preceding the filing of this Complaint.

## BACKGROUND FACTS

7.

Defendant White Oak is a farm in Bluffton, Georgia that, among other things, specializes in raising cattle, sheep, swine, rabbits and poultry (including ducks, geese, guineas, and turkeys).

8.

Defendant White Oak maintains approximately 1200 head of cattle on the farm all of various ages including 600 heifers that are kept for raising calves. Cattle are raised for 2 years to 1,200 lbs. or more before they are eligible for slaughter.

9.

Approximately 100 employees work on the farm and assist in raising the livestock and producing artisan goods and products generated by the farming operation that are then offered for retail sale.

10.

Defendant White Oak also operates both a red meat and white meat abattoir (slaughterhouse) on the farm.  In fact, it claims to be the only farm in the United States that has both types of abattoirs on the property.

11.

The abattoirs are solar powered and use solar thermal technology to heat wash down water in the plants.

12.

There are approximately 35 employees working on non-mechanized lines in the red meat abattoir.

13.

The red meat abattoir employees work on the kill floor and in the cutting and grinder rooms and are cross-trained in the skills necessary for each.

14.

The red meant abattoir employees work full-time in the abattoirs and do not regularly perform any farm work.

15.

Defendant White Oak slaughters approximately 35 head of cattle per day.

16.

Although Defendant White Oak occasionally slaughters its own cattle, most of the cattle are bought at auction or delivered from other farms to White Oak for slaughter and processing.

17.

Defendant White Oak's abattoirs are zero-waste operations.  All blood is "digested" to make liquid organic fertilizer; all bones are ground to make bone meal; and all eviscerate is composted.  All of these organic fertilizers are then used as soil amendments for the farm's certified organic pastures.  All of the hides are salted and dried on the property and shipped to a tannery to become leather.

## COLLECTIVE ACTION ALLEGATIONS

18.

Plaintiff brings this action for violation of FLSA as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all persons who are or were employed by Defendant in its red meat abattoir during the period from September 23, 2012, to the present and who were not paid an overtime premium for all hours worked in excess of 40 in a single workweek (hereinafter the "Collective Plaintiffs").

19.

Plaintiff and the Collective Plaintiffs regularly worked a schedule that began at 7:00 am and usually ended at 5:00 or 6:00 pm, with an hour for lunch; however, Plaintiff and the Collective Plaintiffs were required to work until all cattle were processed.

20.

Plaintiff and the Collective Plaintiffs would often have to work many extra hours in the evenings in order to process all the cattle, sometimes as late as midnight or 1:00 am.

21.

Plaintiff and the Collective Plaintiffs would also have to come in early to set up the processing rooms, dress and sharpen their knives.

22.

The result was that Plaintiff and the Collective Plaintiffs had to work much more than 40 hours in a single workweek.

23.

Although Plaintiff and the Collective Plaintiffs regularly worked more than 40 hours in a week, Defendant paid them only straight time for all hours worked.

24.

On information and belief, the U.S. Department of Labor has advised Defendant White Oak that its actions in failing to pay an overtime premium are a violation of the FLSA.

25.

Notwithstanding this fact, Defendant White Oak has refused to pay the overtime premium.

26.

By failing to pay Plaintiff and the Collective Plaintiffs an overtime premium

for time that was worked in excess of forty (40) hours in a workweek, Defendant

violated the FLSA, 29 U.S.C. §207.

27.

Defendant's conduct in refusing to pay Plaintiff and the Collective Plaintiffs

overtime compensation is a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), entitling Plaintiff and the Collective Plaintiffs to bring this claim

within three years of the accrual of any cause of action.

28.

Based upon the facts alleged herein, Defendant White Oak had no

reasonable grounds for believing that its refusal to pay an overtime premium to

Plaintiff and the Collective Plaintiffs was appropriate under the FLSA.  As such,

Defendant is not entitled to any reduction in the amount of liquidated damages

under 29 U.S.C. § 216(b).

29.

Upon information and belief, in failing or refusing to pay Plaintiff and the

Collective Plaintiffs overtime as required by the FLSA, Defendant has not relied

on any letter ruling from the Department of Labor indicating that Plaintiff and/or

the Collective Plaintiffs were not entitled to overtime.

30.

Upon information and belief, in failing or refusing to pay Plaintiff and the

Collective Plaintiffs overtime as required by the FLSA, Defendant has not relied

on any legal advice indicating that such practice was permitted under the FLSA.

**COUNT ONE**
**VIOLATION OF THE FLSA – UNPAID OVERTIME WAGES**

31.

The allegations contained in paragraphs 1 through 30 are hereby

incorporated by this reference.

32.

By virtue of Defendant's failure and refusal to pay an overtime premium to

Plaintiff and the Collective Plaintiffs, all of whom regularly worked in excess of

forty (40) hours in a single workweek, Defendant is in violation of the Fair Labor

Standards Act of 1938, 29 U.S.C. §§ 207 and 215.

33.

Defendant's failure to pay Plaintiff and the Collective Plaintiffs the overtime

compensation she was owed was willful and done in bad faith.  Plaintiff is entitled,

therefore, to the benefit of the three-year statute of limitations and unpaid

compensation with interest to date plus liquidated damages all pursuant to 29

U.S.C. §§ 207, 215, 216(b) and 255.

34.

Defendant's failure or refusal to pay Plaintiff and the Collective Plaintiffs

the overtime compensation she was owed further entitles her to recover her

attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C.

   § 216 for those employees, past or present, who opt to participate by

   filing proper written notice with the Court;

(c) Issue an Order holding Defendant to be an "employer" as that term is

   defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiff and the class he represents were

   covered by the provisions of the FLSA and that Defendant has failed to

   comply with the requirements of the FLSA;

(f) Award the Plaintiff proper payment for each overtime hour worked in the

   three years preceding the filing of this Complaint, calculated at one and

one-half times the regular rate, and liquidated damages equaling 100% of overtime due the Plaintiff, as required by the FLSA;

(g) Award the Collective Plaintiffs proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h) Award Plaintiff and the Collective Plaintiffs prejudgment interest on all amounts owed;

(i) Award Plaintiff and the Collective Plaintiffs nominal damages;

(j) Award each Plaintiff and the Collective Plaintiffs their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(k) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

JF BEASLEY, LLC

By:    /s/ John F. Beasley, Jr.
       John F. Beasley, Jr.
       Georgia Bar No. 045010
       jfbeasley@jfbeasleylaw.com
       31 North Main Street
       P.O. Box 309
       Watkinsville, GA 30677
       Telephone:   706-769-4410
       Facsimile:    706-769-4471

DELONG . CALDWELL . BRIDGERS
FITZPATRICK . BENJAMIN

       Mitchell D. Benjamin
       Georgia Bar No. 049888
       3100 Centennial Tower
       101 Marietta Street NW
       Atlanta, Georgia 30303
       404.979.3150
       Direct - Facsimile - Text:
       770.859.0754
       benjamin@dcbflegal.com
       georgiawagelawyers.com

Counsel for Plaintiff